UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ESCOBAR,

                Plaintiff,

-against-

THE ORIGINAL BROADWAY JOE'S PIZZA, INC. d/b/a BROADWAY JOE'S PIZZA, LOUIS PORCO, and ROBERT PORCO, as individuals,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _04/29/2024_

23 Civ. 6866 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Jose Escobar, brings this action against Defendants, The Original Broadway Joe's Pizza, Inc. d/b/a Broadway Joe's Pizza, Louis Porco, and Robert Porco, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 190 *et seq.*, for failure to pay overtime and minimum wages, as well as violations of the NYLL's notice and recordkeeping requirements. *See generally* Compl., ECF No. 1. After reaching a settlement (the "Settlement"), ECF No. 24-1, the parties sought the Court's approval of their proposed agreement. *See* Letter, ECF No. 24. By order dated March 1, 2024 (the "Order"), the Court denied the parties' motion without prejudice to renewal. Order, ECF No. 25.

Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 30-1, and the parties' renewed motion for settlement approval (the "Second Letter"), ECF No. 30. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

**I.**    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency, and general well-being of workers." 29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted).  "In an individual FLSA action where the

2

parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

The Court previously found that the Settlement met each of the *Wolinsky* factors and that Plaintiff's counsel's proposed attorney's fees and costs were fair and reasonable. Order at 3–5. The Court finds that the Revised Settlement is materially unchanged as to the *Wolinsky* factors and the proposed attorney's fees and costs, and are, therefore, fair and reasonable.

The Court, however, found that the Settlement's liability release clause was overbroad. Order at 3–4. Specifically, under the Settlement, Plaintiff, along with "his successors and assigns," released "any wage and hour claims" against "a wide range of unidentified individuals and businesses only tenuously affiliated with Defendants." *Id.* at 4 (cleaned up); *see* Settlement ¶ 6. By contrast, the Revised Settlement binds only Plaintiffs and limits the release to "Defendants, their stockholders, officers, and owners." Revised Settlement ¶ 6. Moreover, the release is appropriately limited to "causes of action alleged in the [c]omplaint," which are limited to FLSA and NYLL wage-and-hour claims. *Id.* Therefore, the Court finds the Revised Settlement's liability release clause fair and reasonable.

## CONCLUSION

For the foregoing reasons, the parties' renewed motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: April 29, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge